# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TEVIN WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02385-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY DIVISION OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING CASE WITHOUT PREJUDICE UNDER FED. R. CIV. P. 41(B) FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**

On December 18, 2020, this Court entered an order directing Plaintiff Tevin Wilson to amend his complaint within thirty days. (ECF No. 6.) That period expired on Monday, January 18, 2021.

On February 25, 2021, the Court entered an order to show cause that addressed Plaintiff's failure to timely amend. (ECF No. 7.) Specifically, the Court ordered Wilson to show cause on or before March 8, 2021, as to why the Court should not enter judgment. (*Id.*) The show cause order warned Wilson that his failure to timely comply with its provisions would result in dismissal of this action. (*Id.*)

Plaintiff has failed to comply with the show cause order, and he never requested an extension to comply with its terms. Accordingly, this action warrants dismissal.

Federal Rule of Civil Procedure 41(b)[1] "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute").

And courts look to four factors for guidance when determining whether they should dismiss under Rule 41(b): (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Further, because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b)

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

Weighing these four relevant factors here, the Court concludes that it should dismiss Plaintiff's action without prejudice.

As for the fault factor, even if Plaintiff did not show bad faith in failing to amend or respond, that failure still reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 17-1042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018). This factor supports dismissal here.

Second, considering the prejudice factor, the Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, because Plaintiff has not yet served Defendants, they have not wasted any time, money, or effort due to Plaintiff's failure to prosecute. This factor weighs against dismissal here.

Third, an important consideration for the Court is whether the Court warned a party that his failure to cooperate could lead to dismissal. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Plaintiff that his failure to respond to the show-cause order could lead to dismissal. (ECF No. 7.) This factor supports dismissal.

Finally, as for other sanctions, the Court finds that dismissing this case without prejudice is the appropriate result here. Dismissal without prejudice balances the Court's interest in docket management with the public policy interest of deciding cases on their merits. *Muncy*, 110 F. App'x at 557 n.5.

For these reasons, the Court **DISIMSSES** Plaintiff's claims **WITHOUT PREJUDICE** due to Plaintiff's failure to prosecute and failure to respond to court orders under Federal Rule of Civil Procedure 41(b).

**SO ORDERED**, this 25th day of March, 2021.

                                            s/ Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE